UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRACY GWINN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 6:19-cv-00153 |
| | * | |
| THE PRUDENTIAL INSURANCE | * | |
| COMPANY OF AMERICA, | * | |
| | * | |
| Defendant. | * | JURY DEMAND |

**COMPLAINT**

Plaintiff, Tracy Gwinn ("Tracy"), through undersigned counsel, for her Complaint against The Prudential Insurance Company of America ("Prudential"), alleges as follows:

PARTIES

1.       Tracy maintains a primary residence and is domiciled in Bell County, Texas, and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2.       Prudential is a corporation organized under the laws of the state of New Jersey, with its principal place of business in the state of New Jersey.  Prudential is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.  Prudential is authorized to do business in the State of Texas.  No service is necessary at this time, as Plaintiff is providing a copy of this Complaint to Prudential, along with a request that it waive the issuance and service of summons.

JURISDICTION AND VENUE

3.      This Court has original jurisdiction to this action pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States, specifically the Servicemembers' Group Life Insurance Act, 38 U.S.C. §1965 et seq. ("SGLIA").  The issues raised in this action regard the beneficiary and/or beneficiaries of a policy issued to Alva Joe Gwinn ("Gwinn") pursuant to the SGLIA.

4.      Alternatively, there is complete diversity of citizenship between Plaintiff and Defendant within the meaning and intent of 28 U.S.C. § 1332, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost of suit.  Therefore, this Court also maintains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.      Venue is proper in the United States District Court, Western District of Texas, Waco Division, as the Plaintiff resides in Bell County, Texas, and at the time of his death, Gwinn maintained a primary residence at, was domiciled at, and died at Fort Hood, which is located in both Bell County, Texas, and Coryell County, Texas.  Therefore, a material part of the events giving rise to this claim occurred in two counties comprising the Waco Division of the Western District of Texas.

FACTUAL BACKGROUND

6.      Gwinn was covered under a Servicemembers' Group Life Insurance Group Policy ("Policy") issued by Prudential pursuant to SGLIA when he enlisted in the Army in 1999.  The amount of the death benefit on the Policy was $400,000.

7.      Gwinn and Tracy were legally married in Cumberland County, North Carolina on January 3, 2005.

8.     At all times during the marriage, Tracy was a 75% beneficiary of the Policy death benefit while Gwinn's half-brother, Chris Seabolt, and his spouse, Misty Seabolt, were each 12.5% beneficiaries.

9.     Gwinn and Tracy had two children born of their marriage, namely, L.S.G. and R.J.G., who are both minors.

10.     Gwinn and Tracy were divorced on March 4, 2014.

11.     As part of the Final Decree of Divorce ("Divorce Judgment"), Gwinn was ordered to pay child support in the amount of $1,250 per month while both children were under 18 years of age, and then $1,020 per month after one child reached 18 years of age.  In addition, Gwinn was ordered to maintain life insurance for as long as the child support was ordered with such policy having a value at least equal to the total child support obligation.

12.     As of February of 2015, Gwinn had seen five deployments, witnessed an untold amount of violence and death, and was ruled out as a recruiter after undergoing a psychological examination.

13.     Upon information and belief, as of February of 2015, the United States military began conducting an investigation into whether Gwinn was still fit for any duty and/or competent to serve in the armed forces.

14.     Upon information and belief, in or about March of 2015, Gwinn was sent home from Korea and relieved of his first sergeant position.

15.     Upon information and belief, in or about May of 2016, Gwinn barricaded himself in his house and threatened to commit suicide, after which he was placed on a Psychological Hold by the Army.

16.     Gwinn is unaware of all of the particulars of the military's investigation; however, upon information and belief, Gwinn was subject to potential criminal and/or military charges, with some form of criminal and/or military action pending at the time of his death, including a trial scheduled for November 6, 2017.

17.     On or about September 8, 2017, a Servicemembers' Group Life Insurance Election and Certificate was submitted designating Tonya Smith Gwinn as the sole beneficiary of the Policy.

18.     Despite the Divorce Judgment requiring maintenance of life insurance equal to the child support obligation, Tracy never received any notification of a change of beneficiary from Gwinn or Prudential.

19.     On October 12, 2017, Gwinn committed suicide.

20.     At the time of his death, Gwinn was being investigated for various issues of conduct which demonstrated abnormal behavior and an unsound mind.

21.     On information and belief, between February of 2015 and the date of his death, Gwinn was of unsound mind.

22.     Gwinn was determined by the Department of Veterans Affairs to be of unsound mind at the time of his death.

23.     As a result of his death, the death benefit of the Policy became due and payable by Prudential.

24.     Immediately after Gwinn's death, Tonya Smith Gwinn made a claim to Prudential for the death benefit.  This claim was approved and she started to receive the $400,000 death benefit in 36 equal monthly installments.  Those installment payments continue as of the date of this Complaint.

25.     On January 22, 2019, Prudential was provided with written notice that Gwinn was asserting a competing claim to the death benefit on the basis that the beneficiary change made a few weeks before Gwinn's death was invalid because he was determined by the Department of Veterans Affairs to be of unsound mind, and because the beneficiary designation violated the Divorce Judgment mandating that Gwinn maintain life insurance to secure his child support obligations.

26.     As of the date of Gwinn's death, his total remaining child support obligation for both children until they reach 18 years of age equaled at least $188,400.

27.     Upon receipt of the January 22, 2019 written notice, Prudential declined to stop payment of the disputed proceeds and interplead the funds as requested.

<u>CAUSE OF ACTION</u>

28.     Gwinn incorporates the allegations contained in Paragraphs 1-27 as if fully restated herein.

29.     Gwinn was of unsound mind when the September 8, 2017, Servicemembers' Group Life Insurance Election and Certificate was submitted designating Tonya Smith Gwinn as the sole beneficiary of the Policy and, therefore, the change is not valid.

30.     In addition, at all times material hereto, a Divorce Judgment was in place and effective so as to prevent the removal of Tracy as a primary beneficiary of the Policy in at least the amount of the remaining child support obligation owed by Gwinn to her.

31.     When the September 8, 2017, Servicemembers' Group Life Insurance Election and Certificate was submitted designating Tonya Smith Gwinn as the sole beneficiary of the Policy, it violated the Divorce Judgment mandating that Gwinn maintain life insurance for as

long as the child support was ordered with such policy having a value at least equal to the total child support obligation.

32.    On January 22, 2019, Tracy Gwinn notified Prudential that she was asserting a competing claim to the proceeds on these bases.  Specifically, Prudential was provided with written notice that Gwinn was of unsound mind at the time the change of beneficiary form was submitted; may have been subject to undue influence with regard to the change of beneficiary form; that the change violated the Divorce Judgment, and that Prudential was making monthly installment payments of the life insurance proceeds to the potentially incorrect beneficiary.

33.    On information and belief, Prudential retains more than $150,000 of the disputed proceeds in its possession.

34.    Due to Prudential's refusal to stop payment of the monthly amounts to Tonya Smith Gwinn, Tracy has been compelled to bring this lawsuit.

35.    Tracy therefore seeks a declaratory judgment, either declaring that Gwinn was not of sound mind at the time of the beneficiary change, was the subject of undue influence by others that resulted in her removal as designated beneficiary, or that the change violated her Divorce Judgment.

36.    Alternatively, Prudential is subject to multiple claims as to who is the proper beneficiary of Gwinn's death benefit and, due to the potential multiple liability of Prudential, Tracy would consent to conversion of the case to an interpleader matter in which the competing claimants may litigate these issues amongst themselves.

<u>JURY DEMAND</u>

37.    Plaintiff hereby requests a jury trial on all issues triable in this case.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Tracy Gwinn prays for a judgment of this Court in her favor on the Complaint, costs, interest, attorney's fees, and any other relief deemed just and proper.

DATED this 14th day of February, 2019.

Respectfully submitted,

*/s/ Michael J. Hoover*
Michael J. Hoover
LA Bar No. 35497
Interpleader Law, LLC
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: (225) 246-8706
Email: michael.hoover@interpleaderlaw.com
*Attorney for Tracy Gwinn*